**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDELL HOLLY | : | |
| | : | |
| Appellant | : | No. 383 EDA 2017 |

Appeal from the PCRA Order January 5, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at No(s): CP-51-CR-0008395-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDELL HOLLY | : | |
| | : | |
| Appellant | : | No. 386 EDA 2017 |

Appeal from the PCRA Order January 5, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at No(s): CP-51-CR-0008456-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RANDELL HOLLY | : | |
| | : | |
| Appellant | : | No. 445 EDA 2017 |

Appeal from the PCRA Order January 5, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at No(s): CP-51-CR-0009089-2009

J-S19017-18

MEMORANDUM BY NICHOLS, J.:                    **FILED JUNE 28, 2018**

Appellant Randell Holly appeals from the order denying his first Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, petition.  Appellant's sole claim is that an increase of his sexual offender registration period from ten to twenty-five years violates the prohibition against *ex post facto* punishment.  We affirm in part but remand for further proceedings.

Appellant was charged in the above-captioned cases with committing sexual offenses against three children.  In CP-51-CR-0008395-2009 (8395-2009), Appellant was charged with assaulting U.A. (Victim 1) and B.L. (Victim 2) in November and December of 2008, respectively.  In CP-51-CR-0008456-2009 (8456-2009), Appellant was charged with assaulting P.L. (Victim 3) in December of 2008.  In CP-51-CR-0009089-2009 (9089-2009), Appellant was charged with assaulting Victim 1 in December of 2008.

On November 22, 2010, a jury found Appellant guilty of the following offenses: (1) on 8395-2009, indecent assault–person less than thirteen years of age,[1] unlawful contact with a minor,[2] and corruption of the morals of a

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3126(a)(7).

[2] 18 Pa.C.S. § 6318(a)(1).

- 2 -

minor[3] with respect to Victim 2;[4] (2) on 8456-2009, unlawful contact with a minor with respect to Victim 3; and (3) on 9089-2009, unlawful contact with a minor with respect to Victim 1. On February 11, 2011, the trial court sentenced Appellant to serve an aggregate term of three-and-one-half to seven years' imprisonment. At that time, the convictions for indecent assault–person less than thirteen years of age and unlawful contact with a minor required Appellant to register as a sexual offender for a term of ten years. *See* 42 Pa.C.S. § 9795.1(a)(1) (expired).[5]

Appellant filed a first PCRA petition in 2012. The PCRA court reinstated Appellant's right to take a direct appeal, and Appellant took an appeal to this Court.

While Appellant's direct appeal was pending, the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41 (subsequently amended Feb. 21, 2018), took effect on December 20, 2012. Under SORNA, indecent assault–person less than thirteen years of age and unlawful contact with a minor were classified as a Tier II sexual offense and required a sexual offender to register for a term of twenty-five years. 42

---

[3] 18 Pa.C.S. § 6301(a)(1).

[4] The charges with respect to Victim 1 in 8395-2009 were dismissed by *nolle prosequi*.

[5] The record does not indicate whether Appellant was designated as a sexually violent predator.

Pa.C.S. §§ 9799.14(c)(1.3) & (5) (subsequently amended Feb. 21, 2018); 9799.15(a)(2) (subsequently amended Feb. 21, 2018). Additionally, the former version of SORNA applied retroactively to individuals who committed offenses before its enactment or effective date.

On January 16, 2015, this Court affirmed the judgment of sentence.[6] *Commonwealth v. Holly*, 407 EDA 2014 (Pa. Super. filed Jan. 16, 2015) (unpublished mem.). Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court.

On October 13, 2015, Appellant timely a *pro se* PCRA petition, which gives rise to the instant appeal.[7] The PCRA court appointed counsel who filed an amended PCRA petition raising two ineffective assistance of counsel claims.[8] The PCRA court issued a notice of its intent to dismiss Appellant's petition on November 21, 2016. *See* Pa.R.Crim.P. 907(1). Appellant did not respond, and the PCRA court dismissed Appellant's PCRA petition on January 5, 2017.

Appellant timely appealed and complied with the PCRA court's order to file and serve a Pa.R.A.P. 1925(b) statement. In his Rule 1925(b) statement,

---

[6] Appellant attempted to raise a claim of trial counsel's ineffectiveness in his direct appeal. *Holly*, 407 EDA 2014, at 2. This Court affirmed the judgment of sentence without prejudice to Appellant's right to raise his claim in a subsequent PCRA proceeding. *Id.* at 6.

[7] Appellant's *pro se* petition bore a post stamp dated October 13, 2015, and was stamped by the trial court as received that same day.

[8] As noted below, Appellant has abandoned his ineffective assistance of counsel claims in this appeal.

Appellant asserted that the trial court erred in dismissing his ineffectiveness claims. Appellant's Pa.R.A.P. 1925(b) Statement, 3/20/17. The PCRA court filed a responsive opinion on May 26, 2017, suggesting that Appellant's claims were meritless.

While this appeal was pending, the Pennsylvania Supreme Court decided ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), and concluded that the registration requirements of the former version of SORNA were punitive in nature. ***Id.*** at 1218. The ***Muniz*** Court held that the retroactive application of SORNA to increase a sexual offender's term of registration violated *ex post facto* principles under the United States and Pennsylvania Constitutions. ***Id.*** at 1223.

The General Assembly subsequently responded to the ***Muniz*** decision by amending SORNA. ***See*** 2018, Feb. 21, P.L. 27, No. 10 (Act 10). The amended version of SORNA, which is currently in effect, clarifies that its registration requirements apply to a defendant who committed an offense on or after its initial effective date of December 20, 2012. ***See*** 42 Pa.C.S. § 9799.11(c).

Act 10 also added Subchapter I to SORNA, which purports to address the retroactivity and *ex post facto* concerns set forth in ***Muniz***. ***See*** 42 Pa.C.S. § 9799.51(b)(4). Under Subchapter I, indecent assault–person less than thirteen years of age and unlawful contact with a minor, when committed "on or after April 22, 1996, but before December 2012" requires the defendant to register for ten years. 42 Pa.C.S. § 9799.55(a).

Appellant now presents the following question for our review:

Did the order revising the original sentence of ten years' registration under Megan's Law to one of twenty-five years' to life[9] under SORNA result[] in the imposition of an illegal sentence?

Appellant's Brief at 3 (capitalization omitted).

Appellant, for the first time on appeal, contends that the increase in the term of his sexual offender registration requirements from ten to twenty-five years constitutes an illegal sentence in light of *Muniz*. *Id.* at 11-12. Appellant requests that this Court

find that SORNA does not apply to him and, then issue an order vacating the order increasing the period of time during which [A]ppellant must register as a sex offender. In lieu of the grant of such relief, [A]ppellant asks that the matter be remanded to the PCRA court with instructions that it strike the order requiring [A]ppellant to register beyond ten years or to hold a hearing on [A]ppellant's claim.

*Id.* at 12.

The Commonwealth responds that Appellant's claim is moot in light of Act 10. Commonwealth's Brief at 6. The Commonwealth asserts that Act 10 "restores the ten-year registration term that originally applied" and concedes that Appellant "is no longer subject to a twenty-five year registration term[.]" *Id.* The Commonwealth concludes that "there is no live controversy in this appeal, and the order below should be affirmed." *Id.* (citation omitted).

_____

[9] There is no suggestion in the record that the trial or PCRA court entered a separate order increasing Appellant's registration period from ten to twenty-five years or life.

Preliminarily, we note that Appellant initially took this appeal from the PCRA court's order denying his claims of ineffective assistance of counsel, but has abandoned those issues on appeal. Appellant's Pa.R.A.P. 1925(b) Statement. Therefore, Appellant's original claims that trial counsel was ineffective are waived. *See* Pa.R.A.P. 2119(a); ***Commonwealth v. Clayton***, 816 A.2d 217, 221 (Pa. 2002) (reiterating that undeveloped claims are not reviewable on appeal). Accordingly, we affirm the PCRA court's order to the extent it dismissed Appellant's claims of ineffective assistance of counsel.

However, a claim that the former version of SORNA unconstitutionally increased the period for which a sexual offender was to register implicates the legality of the sentence. ***See Commonwealth v. Butler***, 173 A.3d 1212, 1215 (Pa. Super. 2017), (concluding "SORNA registration requirements are now deemed to be punitive and part of the criminal punishment imposed upon a convicted defendant" and applying legality of sentence principles to an SVP designation). Moreover, there is no dispute that Appellant timely filed his instant PCRA petition from the judgment of sentence. ***See Commonwealth v. Murphy***, 180 A.3d 402, 405-06 (Pa. Super. 2018). Therefore, we may consider Appellant's claim on appeal. ***See Commonwealth v. Rivera-Figueroa***, 174 A.3d 674, 678 (Pa. Super. 2017); ***cf. Butler***, 173 A.3d at 1215 (noting that issues implicating the legality of sentence may be raised *sua sponte* and that our review of issues is *de novo* and plenary).

As noted above, the law regarding a sexual offender registration period has changed significantly while this appeal was pending. ***Muniz*** held that the

registration requirements in the former version of SORNA were punitive and that an increase in a sexual offender's term of registration violated *ex post facto* principles. Of particular relevance to this appeal, the General Assembly also created Subchapter I, which addresses sexual offenders who committed an offense before December 20, 2012, and generally requires the offender to register for a term equivalent to the term called for before the effective date of SORNA. ***Cf.*** 42 Pa.C.S. § 9799.55(a). Hence, we agree with Appellant and the Commonwealth that Appellant is no longer subject to SORNA's twenty-five year registration period for indecent assault–person less than thirteen years of age and unlawful contact with a minor. Further, under Act 10, Appellant appears to be subject to a ten-year registration period for those offenses.

Nevertheless, neither the parties nor the PCRA court have had an opportunity to address Act 10 in any detail. Therefore, we remand this matter for further proceedings at which the parties may address Act 10.[10] ***See Rivera-Figueroa***, 174 A.3d at 679.

Order affirmed in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

---

[10] We note that this Court has recently granted *en banc* review in two cases that may involve Act 10. ***See*** Order, ***Commonwealth v. Lippincott***, 2057 EDA 2014, (Pa. Super. filed Apr. 20, 2018); Order, ***Commonwealth v. Wood***, 1193 & 1194 MDA 2017 (Pa. Super. filed Apr. 20, 2018).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/28/18</u>