J-S75038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RONALD JEFFERSON, :
:
Appellant : No. 3782 EDA 2017

Appeal from the PCRA Order October 19, 2017
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005786-2011

BEFORE: PANELLA, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 21, 2019**

Ronald Jefferson ("Jefferson") appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On February 21, 2013, following a non-jury trial, Jefferson was found guilty of robbery and possession of an instrument of crime. The trial court sentenced Jefferson to an aggregate term of 6½ to 13 years in prison, followed by 5 years of probation. On April 14, 2014, this Court affirmed the judgment of sentence. *See Commonwealth v. Jefferson*, 102 A.3d 530 (Pa. Super. 2014) (unpublished memorandum). Jefferson did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On August 4, 2014, Jefferson, *pro se*, filed the instant timely PCRA Petition. The PCRA court appointed Jefferson counsel, who filed an Amended Petition. After filing a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, the PCRA

court dismissed the Petition without a hearing. Jefferson filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Jefferson presents the following questions for our review:

I. Whether the [PCRA court] erred in not granting relief on the PCRA [P]etition alleging prior counsel was ineffective for:

    a. Failing to file post-verdict motions that the verdict was against the weight of the evidence;

    b. Failing to conduct an investigation;

    c. Failing to file a motion to reconsider sentence; and

    d. Whether [a]ppellate counsel was ineffective in representation[?]

II. Whether the [PCRA court] erred in denying [Jefferson's] PCRA [P]etition without an evidentiary hearing on the issues raised in the [A]mended PCRA [P]etition regarding [trial/a]ppellate [c]ounsel's ineffectiveness[?]

Brief for Appellant at 8 (issues renumbered).

"The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." *Commonwealth v. Weimer*, 167 A.3d 78, 81 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id.* (citation omitted). Further, "a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction

collateral relief; and that no legitimate purpose would be served by further proceedings." ***Commonwealth v. Brown***, 161 A.3d 960, 964 (Pa. Super. 2017) (citations omitted). "[A]s to ineffectiveness claims in particular, if the record reflects that the underlying issue is of no arguable merit or no prejudice resulted, no evidentiary hearing is required." ***Commonwealth v. Baumhammers***, 92 A.3d 708, 726-27 (Pa. 2014).

In his first claim, Jefferson challenges the effectiveness of his trial and appellate counsel. ***See*** Brief for Appellant at 14-24. Jefferson identifies three arguments regarding the ineffectiveness of his trial counsel, and one argument regarding his appellate counsel. We will consider his claims concerning trial counsel's ineffectiveness together.

First, Jefferson alleges that his trial counsel was ineffective for failing to file a post-sentence motion alleging that the verdict was against the weight of the evidence. ***See id.*** at 16-18. Jefferson argues that the testimony of the Commonwealth's key witness at trial, the victim, was not credible. ***Id.*** at 17. Jefferson points out that the victim changed her story multiple times, and she lacked physical evidence to support her testimony. ***Id.*** at 17-18.

Next, Jefferson alleges that his trial counsel was ineffective for failing to conduct a thorough investigation. ***Id.*** at 19-20. Jefferson argues that his trial counsel failed to subpoena evidence held by the Commonwealth, and failed to conduct a background check on the victim. ***Id.*** at 19.

Further, Jefferson alleges that his trial counsel was ineffective for failing to file a motion for reconsideration of his sentence. *Id.* at 20-22. Jefferson argues that his sentence was "harsh and unreasonable," and the sentencing court did not give sufficient attention to certain mitigating factors. *Id.* at 20, 21. According to Jefferson, he has a history of mental illness, has maintained gainful employment, including two years in the United States Marine Corps, and the crimes that contributed to his prior record score were all committed more than ten years prior to the instant convictions. *Id.* Jefferson claims that had his trial counsel filed the motion, a "reasonable judge" would have granted it. *Id.* at 20.

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish that "the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that [the a]ppellant was prejudiced." *Commonwealth v. Charleston*, 94 A.3d 1012, 1020 (Pa. Super. 2014). "A PCRA petitioner must address each of these prongs on appeal." *Commonwealth v. Wholaver*, 177 A.3d 136, 144 (Pa. 2018).

In each of Jefferson's three ineffectiveness claims against his trial counsel, Jefferson argues the merits of the underlying claim, but fails to

develop the remaining two prongs of the ineffectiveness test. Jefferson makes bald assertions that counsel lacked a reasonable basis for not filing a post-sentence motion, not conducting a thorough investigation, and not filing a motion for reconsideration, and that Jefferson suffered prejudice as a result, without citing to any authority or presenting any legal argument in support of his claims. *See Commonwealth v. Chmiel*, 30 A.3d 1111, 1128 (Pa. 2011) (noting that boilerplate allegations and bald assertions cannot satisfy a petitioner's burden to prove ineffective assistance of counsel). Because Jefferson failed to properly develop these issues for our review, they are waived. *See Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002) (stating that an "appellant's failure to develop any argument at all concerning the second and third prongs of the ineffectiveness test … results in waiver of" the claim).

In his final issue, Jefferson contends that his appellate counsel was ineffective for failing to include a Pa.R.Crim.P. 2119(f) statement in his brief. *See* Brief for Appellant at 22-24. Jefferson states that his sentence was "harsh and unreasonable." *Id.* at 22. Jefferson alleges that his challenge to the discretionary aspects of his sentence presents a substantial question. *Id.* at 22-23. Jefferson claims that his appellate counsel lacked a reasonable basis to justify the omission of a Rule 2119(f) statement, and that Jefferson was prejudiced by being denied review of his sentencing claim by this court. *Id.* at 24.

On direct appeal, this Court determined that Jefferson had waived his sentencing claim by failing to preserve the issue with the trial court at sentencing or in a post-sentence motion. *See Commonwealth v. Jefferson*, 102 A.3d 530 (Pa. Super. 2014) (unpublished memorandum at 4-5). Nevertheless, this Court considered Jefferson's claim, and determined that the trial court did not abuse its discretion in sentencing Jefferson, stating as follows:

> At sentencing, the trial court addressed [Jefferson]:
>
>> Sir, your sentence was that because of your past history even though the crimes were remote. You don't seem to be able to step out of the patterns of criminality. You're back to crack and you're into serious crimes.
>>
>> This was an extremely serious crime with a woman locked in the back of your van and your robbing her at knifepoint. I can't forget that. That's something that we don't do in civilized society. Now, when you step out of bounds like that, I have to do something to protect the next woman who comes out of a convenience store and you happen to see and ask to get in your van.
>>
>> The second piece is, I hope you can avail yourself of treatment when you are in jail.
>
> N.T., 5/14/13, at 24.
>
> The trial court further explained:
>
>> This [c]ourt sentenced [Jefferson] appropriately, taking into consideration the seriousness of this offense as well as his past crimes and likelihood of continued criminal activity. Sentencing was delayed for a Pre-Sentence Investigation. On the charge of [r]obbery, [Jefferson] has an [o]ffense [g]ravity [s]core of 10 and a [p]rior [r]ecord [s]core of 5. [Jefferson] had been arrested fifteen times in his life and he has eight convictions. This [c]ourt evaluated all relevant

- 6 -

> facts and circumstances, including [Jefferson's] history[,] and determine[d] this sentence was necessary.

Trial Court Opinion, 9/26/13, at 6.

***Commonwealth v. Jefferson***, 102 A.3d 530 (Pa. Super. 2014) (unpublished memorandum at 5-6).  We agree.

Even if counsel had included a Rule 2119(f) Statement in his brief, Jefferson's underlying claim would have been unsuccessful on appeal, for the reasons set forth above.  Accordingly, Jefferson has not established that he was prejudiced by appellate counsel's failure to include a Rule 2119(f) Statement in his brief.

Finally, Jefferson alleges that the PCRA court erred in dismissing his PCRA Petition without holding an evidentiary hearing on his claims.  ***See*** Brief for Appellant at 13-14.  Jefferson argues that his claims merit an evidentiary hearing because "much constitutionally[-]necessary dialog[ue] is absent from the record." ***Id.*** at 14.

Because the record reflects that Jefferson's arguments lack arguable merit, and he failed to establish that he suffered actual prejudice, we conclude that the PCRA court did not abuse its discretion in dismissing Jefferson's Petition without a hearing.  ***See Baumhammers***, ***supra***.

Order affirmed.

Judge Panella joins the memorandum.

Judge Nichols concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/21/19