J-S09013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DANIEL ALFREDO NEGRON-ROSARIO | |
| Appellant | No. 830 MDA 2015 |

Appeal from the Judgment of Sentence January 20, 2015
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0000739-2014

BEFORE:  PANELLA, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 26, 2016**

Appellant, Daniel Alfredo Negron-Rosario, appeals from the judgment of sentence entered by the Honorable Kevin A. Hess, Cumberland County Court of Common Pleas. We affirm.

Following a jury trial, Negron-Rosario was convicted of recklessly endangering another person (REAP), two counts of aggravated assault, criminal attempt to criminal homicide, and assault of a law enforcement officer in the first degree.[1] Thereafter, the trial court imposed an aggregate sentence of 20 to 40 years' imprisonment, consisting of 6 to 24 months for REAP, 2 to 4 years of consecutive imprisonment for aggravated assault, 3 to 10 years of concurrent imprisonment for aggravated assault, 8 to 20 years

_____

[1] 18 Pa.C.S.A. § 2702.1(a).

of concurrent imprisonment for attempt to commit criminal homicide, and 20 to 40 years of concurrent imprisonment for assault of a law enforcement officer in the first degree.[2] Negron-Rosario subsequently filed a motion to reconsider sentence, which the trial court denied. This timely appeal followed.

In his sole issue on appeal, Negron-Rosario contends that the trial court erred when it imposed the 20-year mandatory minimum sentence for his assault of a law enforcement officer in the first degree conviction. Specifically, Negron-Rosario argues that his "constitutional right to procedural due process was violated when the Commonwealth did not provide notice of the mandatory that he was sentenced pursuant to." Appellant's Brief, at 9. In his brief, Negron-Rosario acknowledges that section 9719.1 is void of a notice requirement. ***See id***., at 12. Nevertheless, Negron-Rosario argues that "this Court should find that all mandatory minimums require reasonable notice, even if not required by statute, and even if they do not require the Commonwealth to prove additional elements that create aggravated crimes." ***Id***.

Negron-Rosario asserts that his due process rights were violated; however, he provides *nothing* in support of this contention. We find this

_____

[2] The trial court sentenced Negron-Rosario pursuant to 42 Pa.C.S.A. § 9719.1, which requires a mandatory 20-year minimum sentence for convictions for assault of a law enforcement officer in the first degree.

woefully undeveloped claim waived. *See Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2016