J-S40017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PATRICK J. HOPKINS, | : | |
| | : | |
| Appellant | : | No. 2912 EDA 2016 |

Appeal from the Judgment of Sentence February 21, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003325-2008,
CP-51-CR-0011046-2008

BEFORE: OTT, DUBOW, JJ., and STEVENS, P.J.E. [*]

JUDGMENT ORDER BY DUBOW, J.:                    **FILED JULY 10, 2017**

Appellant, Patrick J. Hopkins, appeals from the Judgment of Sentence imposed following the revocation of his probation.  We dismiss this appeal.

A recitation of the facts underlying this matter is unnecessary to our disposition.  The relevant procedural history is as follows.

On February 21, 2013, the trial court sentenced Appellant to five to ten years' incarceration followed by two years of probation for violating the terms of his probation that had been imposed after two 2008 convictions.  Appellant filed a timely Motion for Reconsideration of Sentence, which the court denied on March 7, 2013.  Appellant did not file a direct appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

On November 19, 2013, Appellant filed a *pro se* Petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  Stephen T. O'Hanlon, Esquire, entered his appearance on May 16, 2014, but took no action to file an Amended Petition on Appellant's behalf at that time.

On January 29, 2015, Appellant filed a *pro se* Motion for Leave to file Amended PCRA Petition and an Amended PCRA Petition.  He also filed a Motion to Proceed *Pro Se* and for Appointment of New Counsel.  On March 10, 2015, Appellant filed a *pro se* Motion to Compel Decision on Pending PCRA Petition.

On March 20, 2016, Attorney O'Hanlon filed an Amended PCRA Petition alleging the ineffectiveness of Appellant's violation of probation ("VOP") counsel, Michael A. DeFino, Esquire, for not filing a direct appeal and for not notifying the VOP court that Appellant did not have notice of his probation of violation as required by ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).  Appellant sought the reinstatement of his direct appeal rights *nunc pro tunc* or, in the alternative, vacatur of his Judgment of Sentence.

On September 6, 2016, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc*.  Appellant filed a counseled Notice of Appeal on September 7, 2016, and complied with the trial court's Order to file a Pa.R.A.P. 1925(b) Statement.  In his Notice of Appeal, Appellant purports to appeal from the February 21, 2013 Judgment of Sentence, and the September 6, 2016 Order "dismissing his amended PCRA Petition relating to his ***Gagnon I*** Notice issue."  Notice of Appeal, 9/7/16.  We note that the

- 2 -

only Order appearing on the docket on September 6, 2016 is that which reinstated Appellant's direct appeal rights *nunc pro tunc*.

In his Pa.R.A.P. 1925(b) Statement, Appellant indicated that he intended to raise two issues on appeal: (1) that his sentence was excessive; and (2) that the court deprived him of his due process rights by failing to hold a ***Gagnon I*** hearing or to provide him with notice of a violation of probation. ***See*** 1925(b) Statement, 9/12/16, 1-2. Both of these claims are direct appeal challenges to his Judgment of Sentence.

However, in his Brief to this Court, Appellant instead claims that his VOP counsel was ineffective for failing to object to both Appellant's sentence and to the alleged lack of a ***Gagnon I*** hearing or notice of violation. His argument pertains only to this ineffectiveness claim. ***See*** Appellant's Brief at 4, 8-12. This claim implicates a collateral issue cognizable under the PCRA. ***See*** 42 Pa.C.S. § 9543(a)(2)(ii).

Once a PCRA court reinstates an appellant's direct appeal rights *nunc pro tunc*, this Court is without jurisdiction to consider the merits of any ineffectiveness claim. ***See Commonwealth v. Harris***, 114 A.3d 1, 6 (Pa. Super. 2015) (holding that once a PCRA court grants the right to seek further review *nunc pro tunc*, a defendant's sentence is no longer final and neither the PCRA court, nor the Superior Court, retains jurisdiction to consider the merits of any remaining ineffectiveness claims).

Moreover, to the extent that Appellant preserved his direct appeal challenges to his Judgment of Sentence by way of a timely Notice of Appeal

and 1925(b) Statement, we find that he has abandoned those claims on appeal by not raising them in his brief to this Court. *See* Pa.R.A.P. 2119(a); *see also Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002) ("[I]t is a well[-]settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal.").

Appeal dismissed. Judgment of Sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2017