**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROSHA CHARLES WILLIAMS | : | |
| | : | |
| Appellant | : | No. 45 WDA 2017 |

Appeal from the PCRA Order December 6, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s):
CP-25-CR-0000749-2014

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 30, 2017**

Appellant Rosha Charles Williams appeals from the December 6, 2016 Order entered by the Court of Common Pleas of Erie County denying without a hearing his Petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 42 Pa.C.S. §§ 9541-9546.  We affirm.

On May 4, 2016, Appellant entered an open guilty plea to possession of an offensive weapon.  The court sentenced Appellant on July 15, 2016, to a term of 11½ to 23 months' incarceration, followed by 2 years' probation. The court credited Appellant with 690 days and he was paroled the day of sentencing.  Counsel was granted leave to withdraw by Order dated August 4, 2016.  Appellant did not file an appeal *pro se*.  Instead, on August 16, 2016, he filed the instant PCRA petition.  The PCRA court appointed an attorney, who filed a supplemental Petition on October 21, 2016, alleging

_____
* Former Justice specially assigned to the Superior Court.

that the trial court had improperly calculated Appellant's prior record score and his trial counsel had provided ineffective assistance for failing to file an appeal on this basis. On November 9, 2016, the court filed a Notice of Intent to Dismiss the Petition pursuant to Pa.R.Crim.P. 907. On December 6, 2016, the PCRA court dismissed the Petition. Appellant timely appealed and filed a Pa.R.A.P. 1925(b) statement.

Appellant raises the following question for our review:

> Whether the PCRA Court committed legal error and abused its discretion in dismissing the Defendant's Motion for Post Conviction Collateral Relief in that trial counsel was ineffective for failure to present the claim that the Defendant's prior record score was incorrectly calculated, which should have taken the form of an appellate challenge to the discretionary aspects of sentencing as the use of an incorrect prior record score comprising a substantial question for purposes of appellate review?

Appellant's Brief at 2.

We review the denial of PCRA relief to determine if the PCRA court's findings are supported by the record and without legal error. *Commonwealth v. Edmiston*, 65 A.3d 339, 345 (Pa. 2013). We limit our scope of review to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012). However, this Court is unable to review a claim that is inadequately developed. *See Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002) (OAJC) ("[I]t is a well-settled principle of appellate jurisprudence that undeveloped claims

are waived and unreviewable on appeal." (citation omitted)); ***Commonwealth v. Williams***, 732 A.2d 1167, 1175 (Pa. 1999) (recognizing "unavailability of relief based upon undeveloped claims for which insufficient arguments are presented on appeal"); Pa.R.A.P. 2119 (setting forth briefing requirements).

Appellant utterly fails to develop his ineffectiveness claim. In his 2-paragraph argument section, the sum and substance of his argument is the following:

> The employment of an incorrectly calculated prior record score does not implicate the legality of sentence so as to that provision of the PCRA statute. However, if a prior record score was employed a claim is constituted relating to ineffective assistance of counsel for failure of counsel to present that claim in the form of an appellate challenge to the discretionary aspects of sentencing as the use of an incorrect prior record score would state a substantial question for purposes of appellate review.

Appellant's Brief at 3-4.

Appellant has made no effort to provide citation to the record or to legal authority to develop and support his ineffectiveness claim, as required by our rules of appellate procedure. Rather, he recites his criminal record going back to 1995, and concludes that his prior record score was 2 not 4. This bare and conclusory recitation does not provide a basis from which we can provide meaningful appellate review. These substantial defects render Appellant's claim waived.

Order affirmed.

President Judge Emeritus Stevens joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/30/2017