J-S71020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DEVIN R. WILSON :
:
Appellant : No. 2816 EDA 2017

Appeal from the Judgment of Sentence August 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007682-2016

BEFORE: PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.: **FILED MARCH 27, 2019**

Appellant, Devin R. Wilson, appeals from the Judgment of Sentence

entered in the Philadelphia County Court of Common Pleas on August 3, 2017,

following his jury convictions of First-Degree Murder, Carrying a Firearm

Without a License, and Possessing an Instrument of Crime.[1]  After careful

review, we affirm.

The relevant facts and procedural history are, briefly, as follows.  On

May 12, 2016, Appellant shot the victim in the head while the victim and four

other individuals from his neighborhood were smoking crack on the steps of a

church at the intersection of Park Avenue and Somerset Street in Philadelphia.

Following a trial, on August 3, 2017, a jury convicted Appellant of the

above offenses.  The trial court sentenced Appellant that same day to a

mandatory sentence of life imprisonment for the Murder conviction, and two

_____

[1] 18 Pa.C.S. §§ 2502(a); 6106; and 907, respectively.

concurrent sentences of 3½ to 7 years' imprisonment and 4 months' to 5 years' imprisonment for his Carrying a Firearm Without a License and Possessing an Instrument of Crime convictions, respectively.

Appellant did not file a Post-Sentence Motion, but did file a timely Notice of Appeal.[2]

On appeal, Appellant purports to challenge the weight of the evidence. **See** Appellant's Brief at 2. In support of this claim, Appellant challenges the credibility of the Commonwealth's eyewitness. **Id.** at 9. Appellant characterizes this eyewitness as "an admitted crack addict who prostitutes herself to supply her habit" and who "was under the influence of crack on the night when she allegedly witnessed the shooting." **Id.** Appellant also alleges that this witness "suffers from various mental disorders and hallucinations, includ[ing,] but not limited to[,] schizophrenia and bipolar." **Id.**

Appellant also presents a challenge to the sufficiency of the Commonwealth's evidence underlying his conviction. **See id.** In particular, Appellant claims that the Commonwealth offered no direct or physical evidence to connect him to the shooting. **Id.**

Before we address the merits of Appellant's claims, we consider whether Appellant has preserved them.

_____

[2] Appellant filed a Pa.R.A.P. 1925(b) Statement, although not ordered to do so by the trial court. In his Rule 1925(b) Statement, Appellant challenged the weight of the evidence.

Pursuant to the Pennsylvania Rules of Criminal Procedure, a weight of the evidence claim must be "raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607.

Our review of the record indicates that Appellant failed to raise his challenges to the weight of the evidence either orally or in writing at or before sentencing, or in a Post-Sentence Motion. Thus, Appellant has waived his weight of the evidence claim.

To the extent that Appellant has raised a challenge to the sufficiency of the Commonwealth's evidence in support of his convictions, Appellant does not cite the statutory language of the charged offenses or any case law in support of his claim, or explain which of the elements of which of the charged offenses he believes the Commonwealth failed to prove.

Rule of Appellate Procedure 2119(a) requires a properly developed argument for each question presented. This requires, among other things, a discussion of and citation to authorities in the appellate brief and the principles for which Appellant has cited them. *See* Pa.R.A.P. 2119(a), (b). Failure to conform to the Rules of Appellate Procedure results in waiver of the underlying issue. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1262 (Pa. Super. 2014) (*en banc*); *see also Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002) ("[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal."). In light of

Appellant's failure to develop this sufficiency challenge in conformance with our Rules of Appellate Procedure, we conclude it, too, is waived.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/19