**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARCADIO MANDEZ, | : | |
| | : | |
| Appellant | : | No. 1241 EDA 2018 |

Appeal from the PCRA Order March 19, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014277-2009

BEFORE: PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED JULY 22, 2019**

Arcadio Mandez ("Mandez") appeals from the March 19, 2018 Order dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On July 9, 2010, following a non-jury trial, Mandez was convicted of various crimes related to the sexual assault of an eleven-year-old child. The trial court sentenced Mandez to an aggregate term of 10 to 20 years in prison. Mandez did not file a direct appeal.

On January 13, 2014, after having his direct appeal rights reinstated, *nunc pro tunc*, Mandez filed a timely Notice of Appeal. This Court affirmed Mandez's judgment of sentence, and the Pennsylvania Supreme Court denied Mandez's Petition for allowance of appeal. **See Commonwealth v. Mandez**, 116 A.3d 697 (Pa. Super. 2014) (unpublished memorandum), **appeal denied**, 121 A.3d 495 (Pa. 2015).

On October 14, 2015, Mandez, *pro se*, filed the instant timely PCRA Petition. The PCRA court appointed Mandez counsel, who filed an Amended Petition, challenging the effectiveness of Mandez's trial counsel for failing to file a motion for nominal bail under Pa.R.Crim.P. 600. After filing a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, the PCRA court dismissed the Petition without a hearing. Mandez filed a timely Notice of Appeal.

On appeal, Mandez presents the following question for our review: "Did the PCRA [c]ourt err when it failed to grant relief to [Mandez,] who demonstrated in his Amended Petition that [Pennsylvania Rule of Criminal Procedure] 600 had been violated?" Brief for Appellant at 3.

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. To be entitled to PCRA relief, appellant must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2)….

*Commonwealth v. Robinson*, 82 A.3d 998, 1005 (Pa. 2013) (quotation marks and citation omitted).

Mandez alleges that his right to a speedy trial was violated when he was held in pre-trial incarceration for 256 days. *See* Brief for Appellant at 7-14. Mandez argues that he should have been released on nominal bail 180 days after the Commonwealth had filed the Criminal Complaint. *Id.* at 7-8. According to Mandez, there were no continuances that would constitute excludable time, and the Commonwealth did not exercise due diligence in bringing Mandez's case to trial. *Id.* at 8-14.

Mandez purports to challenge the effectiveness of his trial counsel for failing to file a motion pursuant to Pa.R.Crim.P. 600. **See** Amended PCRA Petition, 3/21/17, at ¶ 10(b); **see also** "Letter Brief," 3/21/17, at 3-4 (setting forth the legal standard for an ineffective assistance of counsel claim).[1] To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish that "the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that [the a]ppellant was prejudiced." **Commonwealth v. Charleston**, 94 A.3d 1012, 1020 (Pa. Super. 2014). "A PCRA petitioner must address each of these prongs on appeal." **Commonwealth v. Wholaver**, 177 A.3d 136, 144 (Pa. 2018).

Mandez provides a lengthy discussion regarding the merits of his Rule 600 claim. However, Mandez fails to cite any authority or present any legal argument in support of an ineffectiveness claim. Thus, Mandez addresses the first prong of the ineffectiveness test, but fails to develop the remaining two prongs of the ineffectiveness test. Because Mandez failed to properly develop

---

[1] We note that Mandez does not explicitly frame the argument in his appellate brief as an ineffectiveness of counsel claim. However, in light of Mandez's Amended PCRA Petition, and his "Letter Brief" to the PCRA court, we will review his claim as an assertion of ineffectiveness of counsel. **See** 42 Pa.C.S.A. § 9543(a)(2)(ii).

- 3 -

this issue for our review, it is waived. *See Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002) (stating that an "appellant's failure to develop any argument at all concerning the second and third prongs of the ineffectiveness test … results in waiver of" the claim).

Nevertheless, even if Mandez's claim had not been waived, we would adopt the sound reasoning and determination of the PCRA court, and affirm on this basis. *See* PCRA Court Opinion, 10/17/18, at 5-6 (wherein the PCRA court concluded that Mandez's underlying claim lacked merit and Mandez was not prejudiced by trial counsel's failure to file a Rule 600 motion).

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/22/19