J-S57045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAMIS ARIAS, | : | |
| | : | |
| Appellant | : | No. 192 MDA 2019 |

Appeal from the PCRA Order Entered January 8, 2019
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001414-2013

BEFORE: BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED JANUARY 13, 2020**

Adamis Arias ("Arias") appeals from the Order denying and dismissing his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On August 15, 2014, following a jury trial, Arias was convicted of third-degree murder. The trial court sentenced Arias to 20 to 40 years in prison. On January 22, 2016, this Court affirmed the judgment of sentence, and on August 30, 2016, the Pennsylvania Supreme Court denied Arias's Petition for allowance of appeal. *See Commonwealth v. Arias*, 136 A.3d 1036 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 145 A.3d 722 (Pa. 2016).

On January 26, 2017, Arias, represented by counsel, filed the instant timely PCRA Petition. On January 8, 2019, following a hearing, the PCRA court denied and dismissed Arias's PCRA Petition. Arias filed a timely Notice of

Appeal and a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Arias presents the following claims for our review:

I. Whether the PCRA [c]ourt erred when it found that trial counsel's performance was not objectively deficient[,] even though [counsel] did not object to jury instructions which, read as a whole, did not clearly, adequately and accurately present the crucial legal issues to the jury for consideration[?] …

II. Whether the PCRA [c]ourt erred when it found that trial counsel's performance was not below professional norms[,] even though the prosecution's closing argument focused on [Arias's] lack of credibility[,] and [counsel] did not insist on an instruction informing the jury that the prosecution could not satisfy its burden of disproving self-defense based solely on the jury's disbelief of [Arias's] testimony[?]

III. Whether the PCRA [c]ourt erred when it found that trial counsel's request for pattern instructions was not ineffective assistance of counsel under the circumstances[?]

IV. Whether the PCRA [c]ourt erred and denied fundamental rights guaranteed by the due process clause of the Fourteenth Amendment to the Constitution of the United States[,] when it affirmed the conviction despite the trial court's failure to give the jury clear, adequate and accurate instructions[,] thereby depriving [Arias] of a fair trial[?]

Brief for Appellant at 2-3 (legal argument and citations omitted).

"The standard of review of an order [denying] a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error." ***Commonwealth v. Weimer***, 167 A.3d 78, 81 (Pa. Super. 2017). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Id.*** (citation omitted).

In his first claim, Arias alleges that his trial counsel was ineffective by failing to object to a jury instruction regarding the inference of malice where a deadly weapon is used on a vital part of the body. *See* Brief for Appellant at 16-22. Arias argues that (1) the jury instruction improperly shifted the burden of proof to Arias to disprove malice; and (2) the evidence at trial did not show that Arias used a deadly weapon on a vital part of the victim's body. *Id.* at 18-22. Arias claims that had his trial counsel objected to the jury instruction, the jury likely would not have found malice on the part of Arias. *Id.* at 22.

To succeed on an ineffectiveness claim, Arias must demonstrate by a preponderance of evidence that

> (1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). Counsel is presumed to be effective and the burden is on the appellant to prove otherwise. *Commonwealth v. Hannible*, 30 A.3d 426, 439 (Pa. 2011). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

> When reviewing a challenge to jury instructions, the reviewing court must consider the charge as a whole to determine if the charge was inadequate, erroneous, or prejudicial. The trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. A new

trial is required on account of an erroneous jury instruction only if the instruction under review contained fundamental error, misled, or confused the jury.

*Commonwealth v. Fletcher*, 986 A.2d 759, 792 (Pa. 2009).

Here, the trial court instructed the jury that "[i]f you believe that [Arias] intentionally used a deadly weapon on a vital part of the victim's body, you **may** regard that as an item of circumstantial evidence from which you **may**, **if you choose**, infer that the defendant had the specific intent to kill." *See* N.T., 8/12-14/2014, at 818-19 (emphasis added). The jury instruction allowed the jury to find malice if it found that a deadly weapon was used on a vital part of the victim's body, but did not require that finding. This instruction mirrors the standard Pennsylvania deadly weapon jury instruction, *see* Pa.SSJI (Crim) 15.2502A, and has been upheld by our Supreme Court. *See Commonwealth v. O'Searo*, 352 A.2d 30, 37-38 (Pa. 1976) (upholding a deadly weapon jury instruction that "permits the jury to find intent [to kill] from the use of a deadly weapon[,]" but does not require it).[1] Therefore, the jury instruction was not improper.

Additionally, the evidence established that Arias shot the victim twice in the torso; one bullet entered the victim's back and lodged in his spine; the

---

[1] We note that Arias's comparison of the jury instruction herein to the instruction ruled unconstitutional in *Yates v. Evatt*, 500 U.S. 391 (1991), is misplaced. The instruction in *Yates* was based on a mandatory presumption. *See id.* (stating that the instruction used at trial informed the jury that "malice **is** implied or presumed" when a deadly weapon is used (emphasis added)).

second bullet entered the victim's abdomen and lodged in his stomach cavity. *See* N.T., 8/12-14/2014, at 491-96; *see also id.* at 175-76. Gary Ross, M.D., a forensic pathologist, testified at trial that the gunshot wound to the victim's abdomen "was unquestionably lethal, and [the victim] died directly as a result of this gunshot wound." *Id.* at 499. Therefore, the evidence established that Arias used a deadly weapon on a vital part of the victim's body. *See Commonwealth v. Sepulveda*, 855 A.2d 783, 789 (Pa. 2004) (stating that where the defendant was shot in the abdomen, he was shot in a vital part of his body); *Commonwealth v. Drumheller*, 808 A.2d 893, 908 (Pa. 2002) (holding that the torso may be considered a vital part of the body). Accordingly, because Arias's underlying claim lacks merit, his ineffectiveness claim fails.

We will consider Arias's second and third claims together. In his second claim, Arias alleges that his trial counsel rendered ineffective assistance by failing to request a jury instruction. *See* Brief for Appellant at 22-27. Arias argues that the jury should have been instructed that the Commonwealth could not sustain its burden of proof solely on the fact-finder's disbelief of Arias's testimony. *Id.*

In his third claim, Arias alleges that trial counsel was ineffective by requesting "pattern jury instructions."[2]  ***See id.*** at 27-34.  Arias argues that the facts of his case were too complicated for pattern jury instructions to adequately inform the jury of the law that applied to his case.  ***Id.***

In both his second and third claims, Arias fails to develop all three prongs of the ineffectiveness test.  In his second claim, Arias provides discussion of why his claims have merit, but fails to develop the remaining two prongs of the ineffectiveness test.  In his third claim, Arias cites to general legal authority regarding jury instructions, but fails to cite to any pertinent legal authority regarding his particular claim, or provide any discussion of why trial counsel's actions lacked any reasonable basis.  Because Arias failed to properly develop these issues for our review, they are waived.  ***See Commonwealth v. Clayton***, 816 A.2d 217, 221 (Pa. 2002) (stating that an "appellant's failure to develop any argument at all concerning the second and third prongs of the ineffectiveness test … results in waiver of" the claim); ***see also Martin***, ***supra***.

In his fourth claim, Arias alleges that the trial court failed to give adequate jury instructions, in violation of his right to due process under the

_____

[2] Also referred to as "model jury instructions," pattern jury instructions are defined as "[a] form jury charge usu[ally] approved by a state bar association or similar group regarding matters arising in a typical case.  Courts usu[ally] accept model jury instructions as authoritative."  BLACK'S LAW DICTIONARY (11th ed. 2019), *available at* Westlaw.

Fourteenth Amendment to the United States Constitution. *See* Brief for Appellant at 34-37. Arias argues that the jury instructions were not tailored to the facts of his case, and failed to accurately and sufficiently state the law regarding self-defense. *Id.*

Here, Arias fails to provide pertinent argument as to why the jury instructions used in his case were deficient, and to reference relevant legal authority in support. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009). It is not the role of this Court to "formulate [an a]ppellant's arguments for him." *Id.* at 925. Accordingly, Arias's fourth claim is waived. *See id.*, *supra*.

Based on the foregoing, we affirm the PCRA court's Order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2020