J-A08010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RECIGNO LABORATORIES, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JENSEN DENTAL, INC. AND 3M | : | No. 1843 EDA 2019 |
| COMPANY | : | |

Appeal from the Judgment Entered May 29, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2015-02676

BEFORE:  LAZARUS, J., KUNSELMAN, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 11, 2020**

Recigno Laboratories, Inc. ("Recigno") appeals from the order, entered in the Court of Common Pleas of Montgomery County, granting motions for summary judgment in favor of defendants Jensen Dental, Inc. ("Jensen") and 3M Company ("3M").  We affirm.[1]

In October of 2004, Recigno and 3M entered into a purchase agreement for dental prosthetics (2004 Purchase Agreement/Agreement) whereby Recigno agreed to purchase a collection of all-ceramic equipment known as 3M's "Lava Line."  The 2004 Purchase Agreement granted Recigno a perpetual

---

[1] We, herein, deny Recigno's application for continuance, filed on April 28, 2020, as untimely.  ***See No. 3 Administrative Docket Order***, 3/19/20 (ordering that all cases on panel A08/20 be submitted for disposition on brief unless counsel files application for continuance to next available oral argument panel, in which case "[a] party shall have up to and including April 17, 2020 to request that oral argument be held at a later date.").

"license to use the software supplied by [3M] as part of the Equipment." 2004 Purchase Agreement, 10/7/04, at ¶ 5. The Agreement was silent with regard to upgrades, maintenance, or improvements to the software; it did, however, contain integration and limitation of liability clauses. ***Id.*** Recigno and 3M entered into a substantially similar agreement in 2008 for the purchase of 3M's "Lava Crown and Bridges System." Throughout their relationship, Recigno elected not to enter into 3M's separate software service agreement, choosing instead to purchase any necessary software support on a "time and materials basis." Recigno's Responses to Jensen's First Set of Interrogatories, 9/28/17, at ¶ 11.

In February of 2011, 3M and Jensen notified Recigno that they had entered into a partnership whereby, effective April 2011, Jensen would sell all of 3M's "Lava materials, software[,] and equipment, and provide first-line customer support" for dental laboratories in the United States, including Recigno." Recigno Ans. to Jensen Mot., 1/16/18, at ¶ 38. After 3M transferred Recigno's account to Jensen, Recigno experienced difficulty with its software and was unsatisfied with Jensen's support.[2]

---

[2]

> Recigno alleges that Jensen has not provided needed support because it sells other products that compete with the Lava line. Recigno maintains that the failure to provide needed support is a breach of the contracts between Recigno and 3M and that Jensen is also liable for breach because it accepted an assignment or delegation from 3M of 3M's contractual duties.

In February of 2015,[3] Recigno filed a complaint against 3M and Jensen for breach of contract, and an additional claim of unjust enrichment against 3M. During the course of discovery, Recigno's owner and corporate representative, David T. Recigno, stated at his deposition that Recigno did not intend to pursue the unjust enrichment claim against 3M. N.T. David Recigno Oral Deposition, 11/3/17, at 199-201. 3M and Jensen filed motions for summary judgment at each count; following oral argument on May 1, 2019, the court granted both motions and entered summary judgment in favor of 3M and Jensen via order dated May 29, 2019. Recigno timely filed a notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Recigno raises the following issues for our review:

1. Did the [c]ourt fail to follow established case law that circumstances may create a contract? ***Transco Pharm[.] v[.] Carbomer***, Mont[.] # 2012-01863 and ***Toneatto v[.] Sheth***, Mont[.] # 2016-02679[?]

2. Did the [c]ourt ignore the facts of the case?

3. The court ruled that in [David Recigno's] deposition[,] he waived [Recigno's] [u]njust [e]enrichment [claim,] except the waiver of the alleged waiver [sic] were not attached to 3M's [m]otion for [s]ummary [j]udgment. When the error was disclosed[,] the [c]ourt went looking for the pages. It is error to make a ruling without evidence.

4. [David Recigno]'s testimony is not an affirmative waiver of [u]njust [e]nrichment. The testimony is a question for the

Trial Court Opinion, 8/19/19, at 4.

[3] Recigno's complaint was filed on February 11, 2015, and amended on April 2, 2015.

> jury. It is error to grant [] [s]ummary [j]udgment based on testimony.

Brief of Appellant, at 3.

We find that Recigno's brief fails in numerous respects to conform with our Rules of Appellate Procedure, and, accordingly, we are constrained to conclude that Recigno waived all issues it may have wished to raise on appeal. *Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002) ("[I]t is a well settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal."). Specifically, Recigno's "argument" section consists of six subheadings[4] that fail to mirror the four issues he purports to raise in his statement of issues. *See* Pa.R.A.P. 2119(a) (requiring argument be "divided into as many parts as there are questions to be argued"). Furthermore, Recigno does not properly develop any of its purported claims by including any meaningful discussion of, or citation to, any relevant legal authority.[5] The brief is virtually devoid of any legal argument. *See* Pa.R.A.P. 2119(b) (compels finding of waiver "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or

_____

[4] Recigno's argument is broken down into the following sections: assignment, contract, breach, damages, unjust enrichment, and limitation of liability. Brief of Appellant, at 6-7. Each sub-section consists of a two-to-five sentence argument. *See id.*

[5] Only one case from any Pennsylvania appellate court is cited in Recigno's brief. Brief of Appellant, at 6 (citing *Smith v. Cumberland*, 687 A.2d 1167 (Pa. Super. 1997) (where assignment is effective, assignee assumes all rights of assignor)).

fails to develop the issue in any meaningful fashion capable of review."); ***Clayton***, ***supra***.

In light of the foregoing, we find all of Recigno's appellate issues waived and we affirm the trial court's grant of summary judgment in favor of Defendants Jensen and 3M.

Moreover, even if the issues were not waived, no relief would be due. Recigno failed to present evidence that 3M or Jensen breached any contractual agreement or provision. Recigno maintains that Jensen did not provide adequate service, upgrades, and support for certain software; however, Recigno does not identify any provision of its written agreement with 3M allegedly assigned to Jensen setting forth those obligations. Rather, David Recigno conceded at his deposition that the alleged breaches at issue here "[a]re not necessarily contractual items that can be pointed to." N.T. David Recigno Oral Deposition, 11/3/17, at 36-45. Thus, the trial court correctly determined that summary judgment was appropriate where Recigno failed to establish a genuine dispute of material fact as to breach. Order, 5/29/19, n.1.

With regard to Recigno's unjust enrichment claim, Recigno submits that the court erred in "rul[ing] that [David Recigno] waived [it] during his deposition." Brief of Appellant, at 6. However, the trial court's ruling was not based expressly on Mr. Recigno's deposition testimony.

> [I]t was apparent that Recigno had made the decision not to oppose 3M's [m]otion to the extent that it sought judgment on the claim for unjust enrichment. Recigno's papers in opposition to the [m]otion made no reference to the unjust enrichment claim and did not dispute that 3M was entitled to summary judgment on

that claim. The Court therefore concluded that Recigno had abandoned its claim for unjust enrichment. ***See, e.g.***, ***Kraus v. Taylor***, 710 A.2d 1142, 1146-47 (Pa. Super. 1998) (error asserted in post-trial motion is waived if it is not addressed in supporting brief).

Trial Court Opinion, 9/6/18, at 11. Recigno fails to establish any reversible error on the part of the trial court in finding that Recigno abandoned its unjust enrichment claim when Recigno's corporate representative repeatedly expressed that Recigno would not be pursuing the claim, and Recigno offered no arguments in response to 3M's contention that it was entitled to summary judgment on that claim. ***See*** N.T. David Recigno Oral Deposition, 11/3/17, at 36-45, 199-201; Recigno Ans. to 3M Mot., 1/16/18.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/20