J-A04013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RASHEEM DOWDY | : | |
| | : | |
| Appellant | : | No. 2156 EDA 2020 |

Appeal from the PCRA Order dated October 15, 2020,
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000160-2014

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY LAZARUS, J.: **FILED MARCH 1, 2022**

Rasheem Dowdy appeals from the order, entered in the Court of Common Pleas of Delaware County, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Upon review, we quash.

On May 12, 2015, Dowdy was sentenced to an aggregate term of 31 to 62 years' incarceration after a jury convicted him of attempted homicide and related charges. Dowdy filed a timely appeal of his judgment of sentence, which this Court affirmed on March 29, 2018. *See Commonwealth v. Dowdy*, 188 A.3d 586 (Pa. Super. 2018) (Table). Our Supreme Court denied allowance of appeal on September 25, 2018. *See id.*, 194 A.3d 1035 (Pa. 2018) (Table).

Dowdy filed a *pro se* PCRA petition on September 29, 2019. The PCRA court appointed counsel, who, after multiple extension requests, filed a "no-

merit" letter pursuant to ***Turner***/***Finley***,[1] along with an application to withdraw.  On September 10, 2020, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intention to dismiss Dowdy's petition without a hearing.  Dowdy filed a *pro se* response and, on October 15, 2020, the court formally dismissed his petition and granted counsel leave to withdraw.  Dowdy filed a timely notice of appeal.[2]  The PCRA court did not order Dowdy to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  On April 14, 2021, this Court quashed Dowdy's appeal for failure to file a brief; upon application by Dowdy, the appeal was reinstated on May 13, 2021.

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[2] Dowdy's notice of appeal did not contain the date on which the order appealed from was entered on the docket.  It did, however, contain the lower court docket number and state that it was a notice of appeal from the dismissal of his PCRA petition.  On February 24, 2021, this Court issued a rule, directing Dowdy to show cause why his appeal should not be quashed as "having been taken from a purported order which is not entered upon the appropriate docket in the lower court."  Rule to Show Cause, 2/24/21.  Dowdy filed a timely response, in which he stated that he had not been receiving mail consistently and had no access to a computer or the law library.  ***See*** Response to Rule to Show Cause, 3/1/21.  On March 12, 2021, the rule to show cause was discharged and the issue raised therein referred to the panel assigned to decide the merits of Dowdy's appeal.  Because Dowdy's appeal was timely filed, we decline to quash on this basis.  ***See Commonwealth v. Willis***, 29 A.3d 393, 395–96 (Pa. Super. 2011) (technical errors do not affect validity of timely filed notice of appeal); ***Commonwealth v. Williams***, 106 A.3d 583, 587 (Pa. 2014) ("A timely notice of appeal triggers the jurisdiction of the appellate court, notwithstanding whether the notice of appeal is otherwise defective.").

.

Upon review of Dowdy's brief, we are constrained to quash the appeal pursuant to Pa.R.A.P. 2101. In all respects, the brief fails to conform to the Rules of Appellate Procedure. Specifically, the brief does not contain: (1) a statement of jurisdiction; (2) a statement of the order or other determination in question; (3) a statement of the scope and standard of review; (4) a statement of the questions involved; (5) a statement of the case; or (6) a summary of the argument. *See* Pa.R.A.P. 2111. In addition, the two-page "argument" section of Dowdy's brief consists of a reproduction, with minor changes, of his response to the PCRA court's Rule 907 notice. The brief contains no citation to authority, and Dowdy fails to develop any legal argument whatsoever. Accordingly, we are constrained to conclude that Dowdy has waived all appellate issues. *See Commonwealth v. Clayton*, 816 A.2d 217 (Pa. 2002) ("[I]t is a well[-]settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal."); *see also Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014) ("Under Pennsylvania law, *pro se* [litigants] are subject to the same rules of procedure as are represented defendants.").

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2022

- 3 -