J-S41022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARMONI JOHNSON | : | |
| | : | |
| Appellant | : | No. 108 MDA 2019 |

Appeal from the PCRA Order Entered December 11, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000117-2012

BEFORE: LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

MEMORANDUM BY MURRAY, J.: **FILED AUGUST 13, 2019**

Armoni Johnson (Appellant) appeals *pro se* from the order dismissing his timely petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On March 14, 2016, a jury found Appellant guilty of possession of a controlled substance, possession with the intent to deliver a controlled substance, and criminal use of a communication facility. On April 28, 2016, the trial court sentenced Appellant to an aggregate term of 35 to 180 months of incarceration. Appellant represented himself at trial and during sentencing. On April 29, 2016, Appellant filed a timely *pro se* post-sentence motion, which the trial court denied on August 2, 2016. Appellant timely appealed *pro se* to this Court.

On March 29, 2017, this Court affirmed Appellant's judgment of sentence, concluding that Appellant's brief was defective and that he "failed

_____

* Retired Senior Judge assigned to the Superior Court.

to preserve and [thus] waived any and all issues for appellate review." *See Commonwealth v. Johnson*, 1396 MDA 2016 at 4 (Pa. Super. Mar. 29, 2017) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On February 12, 2018, Appellant filed a *pro se* PCRA petition and thereafter, the PCRA court appointed counsel to represent Appellant. Following a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), the PCRA court removed appointed counsel from the case and permitted Appellant to proceed *pro se*. *See* Order, 6/6/18. On November 5, 2018, the PCRA court held a hearing on Appellant's PCRA petition. On December 11, 2018, the PCRA court denied Appellant's PCRA petition. Appellant timely appealed *pro se* to this Court.[1]

---

[1] Appellant mistakenly filed his *pro se* notice of appeal in this Court on January 10, 2019. This Court forwarded the notice of appeal to the PCRA court, and the court docketed it as filed on January 15, 2019, the date that the trial court received it. On March 19, 2019, this Court issued an order directing the trial court to update its docket to reflect the notice of appeal as having been filed on January 10, 2019, the date this Court received it. *See* Pa.R.A.P. 905(a)(4) ("If a notice of appeal is mistakenly filed in an appellate court, . . . the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from, and . . . shall be deemed filed in the trial court on the date originally filed."). The order further directed the trial court to conduct a *Grazier* hearing to ensure that Appellant's decision to proceed *pro se* on appeal was knowing, voluntary, and intelligent. On April 29, 2019, the trial court held a *Grazier* hearing and entered an order confirming Appellant's decision to proceed *pro se* on appeal. To date, however, the trial court has not updated the docket to reflect the notice of appeal as having been filed on January 10, 2019. We note that the notice of appeal's mailing envelope is postmarked January 9, 2019. Thus, Appellant

- 2 -

In reviewing Appellant's brief, we are unable to discern the issue or issues that he wishes this Court to review because Appellant has failed to include a statement of questions involved and his brief is otherwise nonsensical. We have recognized that the omission of a statement of questions involved is "particularly grievous since the statement . . . defines the specific issues this court is asked to review." *Commonwealth v. Maris*, 629 A.2d 1014, 1015-16 (Pa. Super. 1993). "The rule requiring a statement of questions involved is to be considered in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in the statement of questions involved or suggested thereby." *Id.* at 1016 (quotations and citation omitted). "When the omission of the statement of questions [involved] is combined with the lack of any organized and developed arguments, it becomes clear that appellant's brief is insufficient to allow us to conduct meaningful judicial review." *Smathers v. Smathers*, 670 A.2d 1159, 1160 (Pa. Super. 1996).

---

placed his notice of appeal in the hands of prison authorities for mailing on or before expiration of the 30th day of the appeal period, which was January 10, 2019. *See* Pa.R.A.P. 121(a) ("A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the *pro se* filing with the prison authorities."). Thus, we consider Appellant's appeal timely.

Additionally, Appellant's brief fails to conform to the Pennsylvania Rules of Appellate Procedure. Rule 2111(a) mandates that an appellant's brief **shall** consist of the following matters, separately and distinctly entitled, and in the following order:

(1)　Statement of jurisdiction.

(2)　Order or other determination in question.

(3)　Statement of both the scope of review and the standard of review.

(4)　Statement of the questions involved.

(5)　Statement of the case.

(6)　Summary of argument.

(7)　Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8)　Argument for appellant.

(9)　A short conclusion stating the precise relief sought.

(10)　The opinions and pleadings specified in paragraphs (b) and (c) of this rule.

(11)　In the Superior Court, a copy of the statement of the matters complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

(12)　The certificates of compliance required by Pa.R.A.P. 127 and 2135(d).

Pa.R.A.P. 2111(a).

Appellant's *pro se* brief does not contain any of the sections mandated by Rule 2111(a). Moreover, Appellant's brief fails to include citations to legal authority and record citations. ***See*** Pa.R.A.P. 2119(a) (requiring that an appellant develop an argument with citation to and analysis of **relevant** legal authority). Our Supreme Court has long held that it is not this Court's obligation to formulate arguments on behalf of an appellant. ***Commonwealth v. Wright***, 961 A.2d 119, 135 (Pa. 2008); ***see also Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived"); ***Commonwealth v. Clayton***, 816 A.2d 217, 221 (Pa. 2002) ("[I]t is a well[-]settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal.").

As our Supreme Court has explained:

> The briefing requirements[,] scrupulously delineated in our appellate rules[,] are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review . . . may be properly exercised. Thus, we reiterate that compliance with these rules by appellate advocates . . . is mandatory.

***Commonwealth v. Perez***, 93 A.3d 829, 837-38 (Pa. 2014).

Instantly, although Appellant is *pro se*, we recognize:

[u]nder Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants. **See Commonwealth v. Williams**, [] 896 A.2d 523, 534 (Pa. 2006) (*pro se* defendants are held to same standards as licensed attorneys). Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading.

**Commonwealth v. Blakeney**, 108 A.3d 739, 766 (Pa. 2014).

Based upon the deficiencies described above, we find Appellant's claims to be waived. Accordingly, we find no basis upon which to disturb the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/13/2019

- 6 -