J-S45017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                      :            PENNSYLVANIA
                                        :
         v.                              :
                                        :
                                        :
RICHARD OXNER,                :
                                        :
           Appellant         :     No. 1534 EDA 2018

Appeal from the PCRA Order May 15, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007212-2013,
CP-51-CR-0008970-2015, CP-51-CR-0009943-2015,
CP-51-CR-0014276-2011, MC-51-CR-0029660-2015

BEFORE:   BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:          **FILED AUGUST 16, 2019**

Richard Oxner (Appellant) appeals from the order denying his timely petition seeking relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court summarized:

> Simply put, on February 4, 2016, [Appellant] was found to be in violation of probation ("VOP") on two prior Bills of Information.  On the same date, [Appellant] entered into "non-negotiated" pleas of guilty on three separate Bills of Information.  At CP-51-CR-0008970-2015, [Appellant] entered into a non-negotiated plea on the charge of PWID; at CP-51-CR-0009943-2015, [Appellant] entered into a non-negotiated guilty plea on the charge of PWID; and at MC-51-CR-0029660-2015, [Appellant] entered into a non-negotiated guilty plea on the charge of simple possession.  The court revoked his bail and scheduled a sentencing hearing on all five Bills of Information on April 15, 2016.

_____

[*] Retired Senior Judge assigned to the Superior Court.

At his sentencing hearing held on April 15, 2016, [Appellant] was first sentenced on his three non-negotiated pleas to concurrent periods of confinement in a state correctional institution of 4 to 8 years on the first PWID charge, 2 to 8 years on the second PWID charge, and 1 to 2 years on the simple possession charge, for an aggregate sentence of 4 to 8 years. He was then sentenced on his two "VOP" charges to concurrent periods of confinement of 1 to 2 years on the charges of possession of an instrument of crime (PIC) and conspiracy and a consecutive period of confinement of 1 to 3 years on the charge of PWID, for an aggregate period of confinement of 2 to 5 years. The court also ordered that his sentences on the pleas were to be served consecutively to his VOP sentences for a total aggregate sentence of 6 to 13 years confinement.

[Appellant] filed neither a motion for reconsideration of his sentence nor a direct appeal.

PCRA Court Opinion, 11/19/18, at 1-2 (footnote omitted).

Appellant filed the underlying PCRA petition *pro se* on October 14, 2016. Appellant subsequently obtained representation, and on August 10, 2017, Appellant's counsel filed an amended PCRA petition. On March 13, 2018, the PCRA court issued notice of intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On May 15, 2018 the PCRA court entered the order denying the petition. Appellant filed this timely appeal on May 25, 2018. Both the PCRA court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents two questions on appeal:

I.    Whether the court erred in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

II.   Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective.

Appellant's Brief at 8.

In his first issue, Appellant claims that the PCRA court erred by failing to hold an evidentiary hearing. We recently repeated our standard of review:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.

*Commonwealth v. Maddrey*, 205 A.3d 323, 327 (Pa. Super. 2019) (citation omitted).

Instantly, Appellant concedes that his right to an evidentiary hearing is not absolute. Appellant's Brief at 19 (citation omitted). In the remainder of his argument, however, Appellant simply recites general case law, emphasizing that a hearing is warranted "on any issue that the PCRA court is not certain lacks merit." *Id.* at 19-20 (citations omitted). Critically, Appellant fails to relate the case law he cites to the record — including his petitions — and the PCRA court's decision not to hold a hearing. *See id.* We therefore find that this issue is undeveloped and waived. *See Commonwealth v. Spotz*, 18 A.3d 244, 323 (Pa. 2011) (where appellant included no argument as to the court's alleged error, claim is "completely undeveloped and unreviewable, and, accordingly, it is waived."). Our Supreme Court has long held that it is not this Court's obligation to formulate arguments on behalf of

an appellant. ***Commonwealth v. Wright***, 961 A.2d 119, 135 (Pa. 2008); ***see also Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) (stating "where an appellate brief . . . fails to develop the issue in [a] meaningful fashion capable of review, that claim is waived"); ***Commonwealth v. Clayton***, 816 A.2d 217, 221 (Pa. 2002) ("[I]t is a well-settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal.").

In his second issue, Appellant argues that the PCRA court erred by failing to find trial counsel ineffective. Citing his amended petition, Appellant contends that after sentencing, he asked counsel to file a motion for reconsideration, and appeal if the motion was denied. Appellant's Brief at 21. Appellant states that he was unable to reach his counsel and "spoke with the secretary with his request." ***Id.*** Appellant claims that counsel's failure to file a motion for reconsideration constituted ineffective assistance because "a reasonable judge would have granted a reconsideration motion" where the sentencing court "failed to give any consideration to any of the relevant sentencing factors when it imposed the lengthy sentence." ***Id.*** at 23. For these reasons, Appellant concludes that he "suffered actual prejudice as a result of counsel's failure to file a reconsideration motion." ***Id.***

We again note our standard of review:

> As a general proposition, an appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error. The court's scope of review is limited to the findings of the PCRA

> court ... viewed in the light most favorable to the prevailing party.
>
> * * *
>
> To prevail on a claim that counsel was constitutionally ineffective, [Appellant] must overcome the presumption of competence by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different. A failure to satisfy any prong of [this] test[, also referred to as the **Pierce** test,] ... will require rejection of the claim.
>
> **Commonwealth v. Hammond**, 953 A.2d 544, 556 (Pa. Super. 2008) (citation omitted). "In accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the [**Pierce** ] test."

**Commonwealth v. Fitzgerald**, 979 A.2d 908, 910 (Pa. Super. 2009).

Mindful of the foregoing, our review of the record reveals no error by the PCRA court. We note that the Honorable Charles J. Cunningham III presided over Appellant's sentencing on April 15, 2016, as well as the subsequent PCRA proceedings. Sitting as the PCRA court, Judge Cunningham contradicted Appellant's claim that counsel was ineffective for failing to file a motion for reconsideration, stating, "[a]t the conclusion of [Appellant's] sentencing hearing, Counsel did in fact make an oral motion seeking reconsideration of sentence." PCRA Court Opinion, 11/19/18, at 4. Appellant has acknowledged this statement, and responded that current counsel "has been unable to find any oral motion seeking reconsideration of the sentence in the transcripts." Appellant's Brief at 21 n.2.

Our review reveals that Judge Cunningham comprehensively explained Appellant's sentence on the record. ***See***, N.T., 4/15/16, at 23-28. Immediately thereafter, the following exchange occurred between Judge Cunningham and Appellant's counsel:

> **THE COURT**: Does anybody have any questions with regard to any of this?
>
> **COUNSEL**: Judge, I have one question, please, and I just – I'm asking the Court to **consider** that two-and-a-half to five that you have currently running consecutive . . . I'm sorry, two to five that you have running consecutive to the four to eight. I'm asking the Court to **consider** running those current, please. . . .
>
> **THE COURT**: No. No. Absolutely not. The VOPs – you don't get a free ride because you get convicted of a subsequent offense. We don't just forget that you were on probation and wipe it away.

N.T., 4/15/16, at 28-29. Appellant's counsel continued to advocate — unsuccessfully — for a lesser sentence, with the court concluding, "So the total sentence is six to 13, as I've described." ***Id.*** at 30. It is reasonable to conclude from this record, as the PCRA court did, that counsel sought reconsideration.

However, even in the absence of counsel's oral advocacy, the record does not support Appellant's claim of ineffectiveness. The PCRA court stated, "had [Appellant] filed a formal motion for reconsideration, the court would have denied it, as it did his oral motion." PCRA Court Opinion, 11/19/18, at 9. The PCRA court accurately recognized that Appellant "must establish actual prejudice" and "must establish that there was a 'reasonable probability' that

such a motion would have resulted in a reduction of his sentence." *Id.* at 6-7.

The court opined:

> In imposing sentence, the court was not unmindful of counsel's impassioned plea, for mitigating [Appellant's] sentence, in explaining the circumstances leading to [Appellant's] addiction. The court also took into account [Appellant's] taking responsibility for his actions, stating for the record: "Because it was a plea, at time of sentencing I always look to the bottom of the sentencing guidelines. Because I figure, if someone's pleading guilty and saying -- admitting what they're doing, they've done, and they say they're sorry, and that's a good indication they're not going to come back in front of me." (N.T., 4/15/16, pg. 24)
>
> As noted above, on April 15, 2016, the court first imposed sentence on [Appellant's] three non-negotiated plea agreements. Prior to the imposition of sentence, it was agreed by counsel that [Appellant's] prior record score was 5 and offense gravity score for the most serious PWID charge was II. It was also agreed that the guidelines recommendation was 72 to 90 months, +- 12 months. (N.T., 4/15/16, pg. 7) After reviewing [Appellant's] pre-sentence report, listening to argument of counsel, the testimony of [Appellant's] character witnesses and [Appellant's] attempts at rehabilitation, the court, on the PWID charges, imposed concurrent sentences of periods of confinement of 4 to 8 years and 2 to 8 years, and on the remaining simple possession charge, 1 to 2 years. [Appellant's] aggregate sentence of 4 to 8 years, on these charges, clearly falls below even the mitigated range of the guidelines. (N.T., 4/15/16, pgs. 7, 24, 25)
>
> With regard to [Appellant's] "VOP"s, the Court felt compelled, in light of his prior violations, to impose additional sentences of confinement. In addressing [Appellant's] "VOP"s, the court noted: "On these violations, this is not the first time we've been here. I mean, we have been here before on violations, and I have found [Appellant] in violation, and each time I just impose the same sentence... I just said the same sentence could stand... And I did the same thing on both of those cases... So you reach a certain point where I can't say same sentence to stand or impose no other sentence because, otherwise, what does probation mean?" The court imposed an aggregate sentence of 2

to 5 years, on the "VOP" charges, to be served consecutively to those sentences imposed as a result of his non-negotiated pleas. (NT., 4/15/16, pgs. 26, 27)

Furthermore, [Appellant's] resulting total aggregate sentence of 6 to 13 years of confinement clearly falls within the guideline recommendation of 72 to 90 months, ± 12 months on the most serious charge of PWID. After imposing sentence, the court added that "if I hadn't taken into consideration the mitigation that was presented to me today by his family and in the presentence report, it would have been very easy to give you double digits to something... Counsel immediately requested that the Court reconsider [Appellant's] sentence, requesting that the VOP sentences run concurrently to the sentences imposed on the non-negotiated pleas. In denying counsel's request the court stated: "No. No. Absolutely not. The VOPs -- you don't get a free ride because you get convicted of a subsequent offense. We don't just forget that you were on probation and wipe it away." (N.T., 4/15/16, pgs. 28, 29) Nevertheless, [Appellant's] sentence was reasonable under the circumstances and had [Appellant] filed a formal motion for reconsideration, the court would have denied it, as it did his oral motion.

PCRA Court Opinion, 11/19/18, at 7-8.

Consistent with the foregoing, we find no error by the PCRA court in rejecting Appellant's claim of counsel's ineffectiveness.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/16/19