J-S63030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT SPURGEON | : | |
| | : | |
| Appellant | : | No. 1618 EDA 2018 |

Appeal from the PCRA Order April 20, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0003053-2013

BEFORE:   GANTMAN, P.J.E., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.:                 **FILED DECEMBER 31, 2019**

Robert Spurgeon (Appellant) appeals *pro se* from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On February 14, 2013, the Bensalem Police Department charged Appellant with rape and related offenses.  On October 3, 2013, a jury found Appellant guilty of aggravated indecent assault, indecent assault, and involuntary deviate sexual intercourse.[1]  The trial court deferred sentencing until a pre-sentence investigation report and an assessment by the Sexual Offenders Assessment Board were completed.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3125(a)(1), 3136(a)(1), and 3123(a)(1).

On December 12, 2013, Appellant filed a post-trial motion alleging that the verdict was against the weight of the evidence; the trial court denied the motion. On March 12, 2014, the trial court sentenced Appellant to 7 to 14 years of imprisonment in a State Correctional Institution. Appellant filed a timely appeal and this Court affirmed his judgment of sentence. **See Commonwealth v. Spurgeon**, 1407 EDA 2014 (Pa. Super. July 31, 2015) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On October 22, 2015, Appellant filed the instant PCRA petition *pro se*. On June 6, 2016, the PCRA court appointed counsel, who filed a motion to withdraw on April 10, 2017. The PCRA court appointed new counsel, who filed an amended PCRA petition on October 6, 2017. The Commonwealth filed an answer to Appellant's amended PCRA petition on October 16, 2017. Prior to the scheduled hearing date on Appellant's petition, however, Appellant's counsel filed a motion to withdraw. The PCRA court granted the motion and appointed Patrick McMenamin, Esquire to represent Appellant.

On March 14, 2018, upon reviewing the record, Attorney McMenamin filed with the PCRA court a petition to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted Attorney McMenamin's motion on March 20, 2018, and on March 26, 2018, issued its Rule 907 notice of intent to dismiss Appellant's petition. Appellant did not file a response to the notice, and on April 20, 2018,

the PCRA court issued an order denying Appellant's petition. Appellant filed this *pro se* appeal on April 30, 2018. Both the PCRA court and Appellant have complied with Rule of Appellate Procedure 1925.[2]

On appeal, Appellant presents two issues for our review:

1. Whether PCRA counsel rendered Appellant his enforceable right to effective assistance of counsel guaranteed by Pa.R.Crim.P. 904?

2. Whether Appellant's case has substantive claims of arguable merit sufficient enough to demonstrate that all prior counsel rendered ineffective assistance?

Appellant's Brief at 3.[3]

_____

[2] On June 19, 2018, the PCRA court issued an order directing Appellant to file a concise statement of matters complained of on appeal within 21 days. Appellant filed his statement on July 3, 2018. In his concise statement, Appellant raised seven issues not previously alleged in his *pro se* or amended PCRA petition. On August 16, 2018, the PCRA court issued its 1925(a) opinion finding all of Appellant's issues waived.

On August 23, 2018, Appellant filed in this Court a *pro se* "Motion For Remand For Appointment of Counsel Or For Order To Provide Indigent Appellant Copies Of Notes Of Testimony And Discovery Materials Pursuant To Pa.R.A.P. 105(a) and 2591(a)." On September 14, 2018, we denied Appellant's request for court-appointed counsel, but directed the PCRA court to provide Appellant with copies of "any requested notes of testimony and other documents that the PCRA deems necessary and relevant to allow for a complete and judicious assessment of the issues raised on appeal." Order, 9/14/18.

After supplying Appellant with the necessary pleadings, on December 20, 2018, the PCRA court ordered Appellant to file an amended statement of matters complained of on appeal. Appellant complied with the PCRA court's directive.

[3] Appellant's Rule 1925(b) statement of errors contains issues that Appellant failed to raise in his statement of questions involved or in the body of his brief.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quotations and citations omitted). "To be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2)[.]" *Id.*

In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id.* (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

---

*See* Amended Rule 1925(b) Concise Statement, 1/10/19. Because Appellant has abandoned these issues on appeal, we may not address them. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby"); *see also* Pa.R.A.P. 2119; *Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002) ("[I]t is a well-settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal.").

different." ***Commonwealth v. King***, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. ***Bomar***, 104 A.3d at 1188.

In his first claim, Appellant alleges that PCRA counsel was ineffective. In particular, Appellant challenges the propriety of Attorney McMenamin's ***Turner/Finley*** no-merit letter. Appellant asserts that "instead of executing his duty to advocate on Appellant's behalf," Attorney McMenamin was "more focused on proving that Appellant's claims were meritless so he could withdraw." Appellant's Brief at 33. Before discussing the merits of this claim, we must first determine if we may reach them.

In ***Commonwealth v. Pitts***, 981 A.2d 875 (Pa. 2009), our Supreme Court held:

> [Petitioner's] failure, prior to his PCRA appeal, to argue PCRA counsel's ineffectiveness . . . results in waiver of the issue of PCRA counsel's ineffectiveness. [Petitioner's] attempt to obtain review, on collateral appeal, of an issue not raised in the proceedings below amounts to a serial PCRA petition on PCRA appeal. Although [petitioner] asserts his PCRA appeal was the first opportunity he had to challenge PCRA counsel's stewardship because he was no longer represented by PCRA counsel, he could have challenged PCRA counsel's stewardship after receiving counsel's withdrawal letter and notice of the PCRA court's intent to dismiss his petition pursuant to Pa.R.Crim.P. 907, yet he failed to do so.

***Id.*** at 880 n. 4; ***see also Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*) (holding that "claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal."); ***Commonwealth v. Rykard***, 55 A.3d 1177, 1189 (Pa. Super. 2012) (holding that a petitioner must raise

allegations of ineffective assistance of PCRA counsel in the Rule 907 response).

Here, Appellant failed to challenge PCRA counsel's assistance after Appellant received the no-merit letter or after the PCRA court filed its notice of intent to dismiss. More importantly, Appellant failed to raise his issue concerning PCRA counsel in his Pa.R.A.P. 1925(b) statement of errors. As a result, the PCRA court did not have the opportunity to address Appellant's claim, and it is waived where, consistent with *Pitts* and *Henkel*, Appellant has failed to preserve this issue for review.

In his second claim, Appellant raises four allegations of ineffective assistance of trial counsel. Specifically, Appellant contends that trial counsel was ineffective for failing to advance his claim of "actual innocence," a claim of prosecutorial misconduct, a claim of police misconduct, and failed to raise a *Brady*[4] violation. As the PCRA court and the Commonwealth note, and which the record supports, Appellant did not raise these issues in his PCRA petition or in his response to the PCRA court's Rule 907 notice, and thus, he raises them for the first time on appeal. *See* Motion for Post Conviction Relief, 10/22/15, at 3; Amended Petition for Post Conviction Relief, 10/6/17, at 3; *see also* Commonwealth's Brief at 24-27; Supplemental PCRA Court Opinion, 3/29/19, at 6-8; PCRA Court Opinion, 8/16/18, at 4-5. "It is well-settled that issues not raised in a PCRA petition cannot be considered on appeal."

---

[4] *Brady v. Maryland*, 373 U.S. 83 (1963).

- 6 -

***Commonwealth v. Ousley***, 21 A.3d 1238, 1242 (Pa. 2011) (quotation and citations omitted); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Accordingly, as Appellant did not raise these issues before the PCRA court, he has waived them on appeal.

For these reasons, the PCRA court properly denied Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/19