J-A14045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     : PENNSYLVANIA
                                     :
            v.                        :
                                     :
                                   :
TINA LOUISE SHAFFER            :
                                   :
           Appellant        :  No. 1201 WDA 2020

Appeal from the PCRA Order Entered October 1, 2020
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000153-2014

BEFORE: MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:        **FILED: September 3, 2021**

Tina Louise Shaffer ("Shaffer") appeals from the Order denying and dismissing her Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

A prior panel of this Court summarized the factual background of this appeal as follows:

> On March 4, 2014, [Shaffer] and the decedent, [Lloyd William Shontz, Jr. ("Shontz")], [Shaffer]'s male companion, were arguing about whether [Shaffer] would leave him.  In an effort to convince [Shaffer] to stay, [Shontz] grabbed his .22 caliber gun, pointed it at his chest, and said he would kill himself if [Shaffer] left [Shontz].  [Shontz] placed [Shaffer]'s hands on the gun, still aiming at [Shontz]'s chest, and yelled at her to pull the trigger.  In the ensuing argument, [Shaffer] and [Shontz] wrestled, and in the "heat of the moment," [Shaffer] reported to police that she "must have pulled the trigger."  The gun fired, and the bullet

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

entered [Shontz]'s chest, which became logged [*sic*] into his spinal cord causing internal hemorrhaging and death.

***Commonwealth v. Shaffer***, 158 A.3d 191 (Pa. Super. 2016) (unpublished memorandum) (citations to record omitted).

Shaffer was arrested, and a jury subsequently convicted Shaffer of third-degree murder. At trial, Shaffer was represented by Wayne H. Hundertmark, Esquire ("Attorney Hundertmark"). This Court affirmed Shaffer's judgment of sentence, and Shaffer did not seek allowance of appeal with the Supreme Court of Pennsylvania. ***See Shaffer***, ***supra***.

On November 7, 2016, Shaffer filed the instant timely, *pro se*, PCRA Petition. The PCRA court appointed Shaffer counsel, who filed a Supplemental PCRA Petition. The PCRA court held a hearing on July 2, 2020, and the PCRA court issued an Opinion and Order denying and dismissing Shaffer's PCRA

Petition on October 2, 2020. Shaffer filed a timely Notice of Appeal,[2] and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Shaffer raises the following question for our review: "Whether trial counsel was ineffective given the facts and circumstances of this case?" Brief for Appellant at 22 (unnumbered).

Shaffer contends that Attorney Hundertmark was ineffective because he did not speak to potential witnesses, did not spend sufficient time with Shaffer, did not return telephone messages, and did not attempt to "know the background of his client in a first[-]degree felony case, in contravention of P.R.P.C. 1.3, 1.4, and his duty of zealous representation. P.R.P.C. 3.1." *Id.* at 27. Specifically, Shaffer claims Attorney Hundertmark should have raised

---

[2] On December 8, 2020, this Court issued a Rule to Show Cause why Shaffer's appeal should not be quashed as untimely filed pursuant to Pa.R.A.P. 903(a) (stating that a notice of appeal shall be filed within 30 days after the order is entered on the trial court docket). Counsel filed a Response, wherein she indicated that she had faxed her Notice of Appeal on October 31, 2020, but that it was not filed by the PCRA court until November 6, 2020, after the 30-day deadline. Further, Shaffer asserted that she was not provided with notice of the PCRA court's Order dismissing her Petition until October 7, 2020, and provided evidence of such in her Response. *See* Response, 12/11/20, at 3. Our review of the certified record confirms that the PCRA court did not issue Notice of the entry of its Order until October 7, 2020. *See* Pa.R.A.P. 108(a)(1) (stating that the day of entry for the purposes of computing timeliness is the day the clerk of court delivers copies of the order to the parties). On December 16, 2020, this Court issued an Order discharging the Rule to Show Cause. We note that neither the PCRA court nor the Commonwealth have questioned the timeliness of Shaffer's Notice of Appeal. Under these circumstances, we consider Shaffer's Notice of Appeal to be timely filed.

a self-defense claim. *Id.* at 28. Finally, Shaffer asserts that she wished to raise the issue at trial, but her concerns were ignored. *Id.*

> We review an order dismissing [and denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove, by a preponderance of the evidence, that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically,

> [t]o prevail in a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing all of the following three elements, as set forth in *Commonwealth v. Pierce*, … 527 A.2d 973, 975–76 ([Pa. ]1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. *Commonwealth v. Dennis*, … 950 A.2d 945, 954 ([Pa. ]2008). With regard to the second, reasonable basis prong, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis. We will conclude that counsel's chosen

strategy lacked a reasonable basis only if [the a]ppellant proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Williams*, … 899 A.2d 1060, 1064 ([Pa. ]2006) (citation omitted). To establish the third, prejudice prong, the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness. *Dennis*, *supra* at 954. We stress that boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective.

*Commonwealth v. Paddy*, 15 A.3d 431, 442-43 (Pa. 2011) (some citations and quotation marks omitted).

As an initial matter, we observe that we deem Shaffer's issues waived as to Attorney Hundertmark not speaking to potential witnesses, spending insufficient time with Shaffer, failing to return telephone messages, and not "get[ting] to know the background of his client," Brief for Appellant at 9 (unnumbered). Shaffer failed to adequately develop each of these issues in her Argument section, which consists of one sentence, without citation to the record. *See* Pa.R.A.P. 2119(a) (mandating that an appellant develop an argument with citation to and analysis of relevant legal authority); *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (stating that appellant's duty is to present arguments sufficiently developed for our review; this Court will not act as counsel and develop arguments on behalf of appellant; and appellate briefs must support claims with pertinent discussion, references to record, and citations to legal authorities); *Commonwealth v.*

***Clayton***, 816 A.2d 217, 221 (Pa. 2002) (holding that undeveloped claims are waived and unreviewable on appeal).[3]

With regard to Shaffer's ineffectiveness argument related to Shaffer's potential self-defense claim, the PCRA court, in its Opinion, stated as follows:

> Next we correct [Shaffer]'s contention that she was not afforded the opportunity to argue self-defense. The issue of self-defense was raised by [the testimony of Pennsylvania State Police] Trooper [Brian] O'Toole [("Trooper O'Toole")] and the jury was charged on the law relating to self-defense. Given the charge, the jury could have made a finding that [Shaffer] acted in self-defense but they clearly did not, instead returning a verdict of third[-]degree murder.
>
> The portion of the jury charge relating to self-defense was as follows:
>
>> And, members of the jury, one of the issues raised in this case is whether [Shaffer] acted in self-defense when [] Shontz received the gunshot wound. Self-defense in Pennsylvania is called justification. If [Shaffer]'s actions were justified you cannot find her guilty beyond a reasonable doubt. The issue having been raised, it is the Commonwealth's burden to prove beyond a reasonable doubt that the defendant did not act in justifiable self-defense…
>
> [N.T., 9/18/14,] at 107-[]08.
>
> Given the above, we know the jury considered the self-defense issue and thus, any claim that self-defense was not available to [Shaffer] is clearly without merit.

PCRA Court Opinion, 10/2/20, at 3-4.

_____

[3] Even if Shaffer had not waived these claims, we note that the PCRA court concisely addressed Shaffer's ineffectiveness challenge regarding these issues in its Opinion, and properly determined that they lack merit. ***See*** PCRA Court Opinion, 10/2/20, at 5.

We conclude that the record supports the PCRA court's analysis and determinations, and we affirm on the basis of the PCRA court's Opinion, **see id.**, with the following addendum. Attorney Hundertmark's opening statement to the jury repeatedly referenced that Shontz had assaulted Shaffer on the night of the incident by pushing her head through a glass window, and that Shontz and Shaffer were wrestling over the gun shortly before the shooting. N.T., 9/12/14, at 38-40. Additionally, Trooper O'Toole testified regarding Shaffer's statements, on the night of the shooting, that she had wanted to make sure that Shontz would not kill her; she was scared that Shontz would turn the gun on her; Shontz reached for the gun; and Shaffer tried to defend herself. N.T., 9/15/14, at 99-100. Based on Trooper O'Toole's testimony, the trial court specifically instructed the jury as to the law regarding a self-defense claim. **See** N.T., 9/18/14, at 107-10; **see also id.** at 7-9 (wherein the trial court, Attorney Hundertmark, and the Commonwealth discussed, in chambers, the self-defense instructions that would be read to the jury); **id.** at 38 (wherein Attorney Hundertmark, in his closing argument, argued that Shaffer did not know if Shontz was going to kill her during the argument).

Accordingly, we conclude that Shaffer's argument that Attorney Hundertmark was ineffective with regards to a self-defense claim lacks arguable merit, and we can grant her no relief on this claim. **See Paddy**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/3/2021