J-A04020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HAL HIRAM HARRIS | : | |
| | : | |
| Appellant | : | No. 68 EDA 2023 |

Appeal from the Judgment of Sentence Entered December 20, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001273-2021

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 7, 2024**

Hal Hiram Harris appeals *pro se* from the judgment of sentence following his conviction for disorderly conduct. We dismiss the appeal.

In March 2021, Harris was charged with terroristic threats, defiant trespass, and disorderly conduct. The charges stemmed from a verbal altercation that occurred at a CVS store between Harris and CVS employees. The Commonwealth subsequently withdrew the terroristic threats and defiant trespass charges. The case proceeded by way of a non-jury trial. The trial court found Harris guilty of the summary offense of disorderly conduct. It ordered that Harris pay a fine in the amount of $300, plus costs. This appeal followed.

Harris raises the following issues:

_____

[*] Retired Senior Judge assigned to the Superior Court.

1. Did Trial Court violate [Harris'] Constitutional Rights, afforded by 7th Amendment of U.S. Constitution and Article 1, Section 6 of Pennsylvania Constitution, to a jury trial, by suggesting, on the day the jury was to be selected, that Commonwealth file a Motion To Withdraw Count 1 – Defiant Trespass charge and thereafter granting Commonwealth's Motion to Withdraw Count 1, so the Trial Judge, Johnathan Mark, would be the sole trier of facts at a Bench Trial he would later preside over?

2. Did Trial Court err by not dismissing [the] case in response to [Harris'] pretrial Motion styled "As Defendant's Motion To Dismiss Criminal Charges, With Prejudice, For Violation Of 1) Defendant's United States And Pennsylvania Constitutional Right To Speedy Trial & Pa.R.Crim.P. 600 ("Rule 600)"[?]

3. Did Trial Court err in finding [Harris] Guilty of "Disorderly Conduct" despite video surveillance evidence, admitted in evidence at Omnibus Motion Hearing and at Trial?

4. Did Trial Court and more specifically [J]udge Johnathan Mark, violate [Harris'] rights to a fair trial and his abuse [of] his judicial power and discretion and demonstrate bias against [Harris] by 1) denying [Harris'] motions for Commonwealth to provide complete discovery of all evidence 2) quashing key subpoenas [Harris] issued 3) disallowing [Harris] from examining and/or cross-examining witnesses at Hearings and during [Harris'] trial[?]

5. Did Trial Court show bias against [Harris] and unfairly cripple [Harris'] defense by not granting [Harris'] requests to 1) sequester Elizabeth Anderson, Esq. during [Harris'] trial, despite [the] Trial Court being aware she was the attorney for Commonwealth's witness, William J. Sullivan and 2) not allowing [Harris] to cross-examine the Pennsylvania State Police ("PSP") representative who appeared at [Harris'] trial in response a subpoena [Harris] served on PSP[?]

Harris' Br. at 8-9 (unpaginated).

We do not reach the merits of Harris' claims because there are significant deficiencies in his appellate brief. "When deficiencies in a brief

hinder our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." ***Irwin Union Nat'l Bank and Trust Co. v. Famous***, 4 A.3d 1099, 1103 (Pa.Super. 2010); ***see also Commonwealth v. Gould***, 912 A.2d 869, 873 (Pa.Super. 2006) (stating if a deficient brief impedes this Court's ability to address any issue on review, "an issue that is not properly briefed in this manner is considered waived"). "[U]ndeveloped claims are waived and unreviewable on appeal." ***Commonwealth v. Clayton***, 816 A.2d 217, 221 (Pa. 2002). "It is not this Court's responsibility to comb through the record seeking the factual underpinnings of [a] claim." ***Irwin Union Nat'l Bank and Trust Co.***, 4 A.3d at 1103. "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Id.*** Further, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa.Super. 2005).

Although Harris raised five issues in his Statement of Questions Involved, he failed to present any argument on these issues. Harris' brief is thus in clear violation of Pennsylvania Rule of Appellate Procedure 2119(a), as the argument section does not correspond to the enumerated issues. ***See*** Pa.R.A.P. 2119(a) (stating the argument section of an appellate brief, "shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part -- in distinctive type or in type distinctively

displayed -- the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent").

Aside from the factual and procedural background, Harris' brief only consists of rambling and nonsensical statements. He seems to be referencing a separate and unrelated case throughout the brief, including citing to court orders that were issued in 2017, more than three years before the instant case arose. **See** Harris' Br. at 18 (unpaginated). He also repeatedly mentions his lack of access to documents that "exonerated" him because they were destroyed in 2019, which also predates this case. **See id.** at 20, 22-23 (unpaginated). The brief also appears to be in a draft form. **See id.**, *e.g.*, at 15-20 (unpaginated). Simply put, Harris' brief is utterly deficient and entirely hinders any attempt by this Court to conduct meaningful appellate review. Accordingly, we dismiss the appeal.[1]

Appeal dismissed.

---

[1] We note that Harris filed an "Application to File an Amended Appellant's Brief, For Extension of Time to File a Reply Brief and/or Make an Oral Argument" on November 1, 2023. A panel of this Court denied Harris' request to file an amended brief, granted his request for oral argument, and allowed him 14 days to file a reply brief. Harris failed to file a reply brief.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 5/7/2024