J-S38014-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF TERESA WHITE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: SHAWN-RYAN WHITE | : | No. 3220 EDA 2024 |

Appeal from the Order Entered November 21, 2024
In the Court of Common Pleas of Delaware County Orphans' Court at
No(s): 0630-2023

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED FEBRUARY 13, 2026**

Shawn-Ryan White ("Shawn-Ryan") appeals *pro se* from the order granting the petition to authorize the sale of real property of the estate of Theresa White ("Theresa") filed by Bonnie Jennings as guardian ("Jennings"). We dismiss the appeal.

Shawn-Ryan is the only adult child of Theresa. Theresa is the sole owner of a residential property located at 7000 Greenwood Avenue, Upper Darby, Pennsylvania. In October 2023, the orphans' court found Theresa incapacitated and appointed Jennings, who is Theresa's sister, as the guardian of her person and estate. Jennings filed a petition in September 2024 to authorize the sale of Theresa's property, which Shawn-Ryan opposed. After a hearing on the petition, the court granted the petition and approved the sale of the property. *See* Order, issued 11/20/24. Shawn-Ryan filed the instant appeal of the court's November 20, 2024 order.

Shawn-Ryan raises the following six issues on appeal:

[1.] Whether the orphans' court impermissibly delayed the conduct of the guardianship review hearing pursuant to [Shawn-Ryan's] April 5, 2024 petition, having yet to have heard the same.

[2.] Whether the orphans' court committed legal error by hearing the matter of the sale of the real property of the estate and decreeing the approval thereof prior to first conducting the required review hearing matter?

[3.] Whether the orphans' court was deprived of jurisdiction to hear the review hearing such that any delay is thereby justified.

[4.] Whether Teresa White should have been appointed counsel at the hearings the o[rp]hans' court conducted on two separate days October 24, 2024 and November 8, 2024, on the matter of the guardian's requested approval of the Agreement of Sale previously entered into by the guardian.

[5.] Whether the guardian[] can create the supposed need to liquidate assets of the estate like the real property at issue by her own mismanagement and unnecessary waste, which is used in justification of the necessity of said sale.

[6.] Whether the authorization of the Agreement of Sale from the [c]ourt required by the PEF statute must come prior thereto or may be given afterwards, as in this case.

Shawn-Ryan's Br. at 4 (unpaginated).

When reviewing an order entered by the orphans' court, the "decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law." *In re Estate of Krasinski*, 188 A.3d 461, 466 (Pa.Super. 2018) (*en banc*) (citation omitted).

We do not reach the merits of Shawn-Ryan's claims because there are significant deficiencies in his appellate brief. Preliminarily, issues one, two, and three involve Shawn-Ryan's separate petition for a guardianship review

hearing seeking, among other things, the removal of the guardian. These issues do not implicate the instant November 20, 2024 order approving the sale of Theresa's property. We therefore need not review them.

As to Shawn-Ryan's remaining issues, "[w]hen deficiencies in a brief hinder our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived*." Irwin Union Nat'l Bank and Trust Co. v. Famous*, 4 A.3d 1099, 1103 (Pa.Super. 2010); *see also Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa.Super. 2006) (stating if a deficient brief impedes this Court's ability to address any issue on review, "an issue that is not properly briefed in this manner is considered waived"). "[U]ndeveloped claims are waived and unreviewable on appeal." *Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002). "It is not this Court's responsibility to comb through the record seeking the factual underpinnings of [a] claim." *Irwin Union Nat'l Bank and Trust Co.*, 4 A.3d at 1103. "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Id.* Further, "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." *Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa.Super. 2005).

Here, the argument section of Shawn-Ryan's brief is not divided into separate sections for each question presented, in contravention of Pennsylvania Rule of Appellate Procedure 2119(a). *See* Pa.R.A.P. 2119(a) (stating the argument section of an appellate brief "shall be divided into as

many parts as there are questions to be argued; and shall have at the head of each part -- in distinctive type or in type distinctively displayed -- the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent"). In fact, the argument section is not divided into any parts. Instead, the argument section largely focuses on Shawn-Ryan's claim that the orphans' court improperly delayed in reviewing his petition for a guardianship review hearing, which is not at issue in the instant appeal. Further, parts of the argument section consist of incomplete sentences and rambling statements. Shawn-Ryan acknowledges this omission on the last page of his brief wherein he signs, "Respectively submitted, timely **albeit incomplete**." Shawn-Ryan's Br. at 45 (unpaginated) (emphasis added).

Most importantly, Shawn-Ryan does not meaningfully discuss the application of any law to the facts relevant to the issue properly before us: the propriety of the order approving the sale. Because these substantial omissions and defects preclude meaningful review, we dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/13/2026